## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **MINERO DIGITAL, LLC,** | |
| **Plaintiff,** | |
| **v.** | |
| **1) AMAZON.COM, INC.;** | **CIVIL ACTION NO.: 2:15-cv-1537** |
| **2) ANKER TECH. CORP.;** | |
| **3) ATEN TECH. INC.;** | **JURY TRIAL DEMANDED** |
| **4) BELKIN INT'L, INC.;** | |
| **5) BEST BUY CO., INC.;** | |
| **6) EFORCITY CORP.;** | |
| **7) FRY'S ELECTRONICS, INC.;** | |
| **8) PC GEAR HEAD LLC;** | |
| **9) HOTTEST DEALS EVER (d.b.a. HDE);** | |
| **10) HOOTOO INC.;** | |
| **11) IC INTRACOM USA, INC.;** | |
| **12) INLAND PRODUCTS, INC.;** | |
| **13) J5CREATE;** | |
| **14) OFFICE DEPOT, INC.;** | |
| **15) PLUGABLE TECH.;** | |
| **16) ROSEWILL INC.;** | |
| **17) SABRENT USA;** | |
| **18) SENTEY INC.;** | |
| **19) SHARKK;** | |
| **20) SIIG INC.;** | |
| **21) STAPLES, INC.;** | |
| **22) STARTECH.COM USA LLP;** | |
| **23) TARGUS STORE, USA;** | |
| **24) TRIPP LITE;** | |
| **25) WAL-MART STORES, INC.; and** | |
| **26) ALURATEK, INC.,** | |
| **Defendants.** | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1.      This is an action for patent infringement in which Minero Digital, LLC, makes the following allegations against: Amazon.com, Inc.; Anker Tech. Corp.; Aten Tech. Inc.; Belkin Int'l, Inc.; Best Buy Co., Inc.; Eforcity Corp.; Fry's Electronics, Inc.; PC Gear Head LLC; Hottest Deals Ever (d.b.a. HDE); Hootoo Inc.; IC Intracom USA, Inc.; Inland Products, Inc.;

J5create; Office Depot, Inc.; Plugable Tech.; Rosewill Inc.; Sabrent USA; Sentey Inc.; Sharkk; Siig Inc.; Staples, Inc.; Startech.Com USA LLP; Targus Store, USA; Tripp Lite; Wal-Mart Stores, Inc.; and Aluratek, Inc. – each a "Defendant" or collectively "Defendants."

## PARTIES

2.      Plaintiff Minero Digital, LLC ("Plaintiff" or "MD") is a Texas limited liability company with a principal place of business at 1333 W. McDermott Drive, Suite 241, Allen, Texas 75013.  Plaintiff's president is Daniel F. Perez.

3.      On information and belief, Amazon.com, Inc. ("Amazon") is a Delaware company with its principal place of business at 410 Terry Avenue North, Seattle, WA 98109-5210.  Amazon's Registered Agent for service of process in Texas appears to be Corporation Service Company (d.b.a. CSC - Lawyers Incorporating Service), 211 E. 7th Street, Suite 620, Austin, TX 78701.

4.      On information and belief, Anker Tech. Corp. ("Anker") is a Delaware company with its principal place of business at 3291 Keller St., Santa Clara, CA 95054.  Aten's Registered Agent for service of process in California appears to be Dongping Zhao, 3291 Keller St., Santa Clara, CA 95054.

5.      On information and belief, Aten Tech. Inc. ("Aten") is a California company with its principal place of business at 19641 DaVinci, Foothill Ranch, CA 92610.  Anker's Registered Agent for service of process in California appears to be Jack Wang, 19641 DaVinci, Foothill Ranch, CA 92610.

6.      On information and belief, Belkin International, Inc. ("Belkin") is a Delaware company with its principal place of business at 12045 E. Waterfront Drive, Playa Vista, CA 90094.  Belkin's Registered Agent for service of process in California appears to be National Registered Agents, Inc., 818 W. Seventh St., Suite 930, Los Angeles, CA 90017.

7.      On information and belief, Best Buy Co., Inc. ("Best Buy") is a Minnesota company with its principal place of business at 7601 Penn Ave. South, Richfield, MN 55423.  Best Buy's Registered Agent for service of process in Texas appears to be C T Corp. System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

8.      On information and belief, Eforcity Corp. ("Eforcity") is a California company with its principal place of business at 18525 Railroad St., City of Industry, CA 91748-1316.

Eforcity's Registered Agent for service of process in California appears to be Jack Sheng, 18525 Railroad St., City of Industry, CA 91748-1316.

9.      On information and belief, Fry's Electronics, Inc. ("Fry's") is a California company with its principal place of business at 600 E. Brokaw Rd., San Jose, CA 95112-1006. Fry's Registered Agent for service of process in Texas appears to be Phillip L. Sampson Jr., Bracewell & Giuliani, L.L.P., 711 Louisiana Street, Houston, TX 77002.

10.     On information and belief, PC Gear Head LLC ("Gear Head") is a Florida company with its principal place of business at 4720 Radio Rd., Naples, FL 34104-4128.  Gear Head does not appear to have a Registered Agent for service of process in Texas.

11.     On information and belief, Hottest Deals Ever (d.b.a. HDE) ("HDE") is a Pennsylvania company with its principal place of business at 639 Grammes Lane, Allentown, PA 18104.  HDE does not appear to have a Registered Agent for service of process in Texas.

12.     On information and belief, HooToo Inc. ("HooToo") is a California company with its principal place of business at 238 S. Mission Road, Los Angeles, California 90033-3232. Sabrent does not appear to have a Registered Agent for service of process in Texas.

13.     On information and belief, IC Intracom USA, Inc. ("ICI") is a Florida company with its principal place of business at 550 Commerce Blvd., Oldsmar, FL 34677.  ICI does not appear to have a Registered Agent for service of process in Texas.

14.     On information and belief, Inland Products, Inc. ("Inland") is a California company with its principal place of business at 1410 E. Walnut Ave., Fullerton, CA 92831. Inland's Registered Agent for service of process in California appears to be Mian Wanlt, 1410 E. Walnut Ave., Fullerton, CA 92831.

15.     On information and belief, j5create ("j5") is a Georgia company with its principal place of business at 1000 Cobb International Dr., Suite F, Kennesaw, GA 30152. j5 does not appear to have a Registered Agent for service of process in Texas.

16.     On information and belief, Office Depot, Inc. ("ODI") is a Delaware company with its principal place of business at 6600 North Military Trail, Boca Raton, FL 33496.  ODI's Registered Agent for service of process in Texas appears to be Corporate Creations Network Inc., 4265 San Felipe, Suite #1100, Houston, TX 77027.

17.     On information and belief, Plugable Tech. ("Plugable") is a Washington company with its principal place of business at 40 Lake Bellevue Dr., Suite #100, Bellevue, WA 98005. Plugable does not appear to have a Registered Agent for service of process in Texas.

18.     On information and belief, Rosewill Inc. ("Rosewill") is a Delaware company with its principal place of business at 17560 Rowland St., City Of Industry, CA 91748. Rosewill's Registered Agent for service of process in California appears to be Corporation Service Company (d.b.a. CSC - Lawyers Incorporating Service), 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833.

19.     On information and belief, Sabrent USA ("Sabrent") is a California company with its principal place of business at 238 S. Mission Road, Los Angeles, California 90033-3232. Sabrent does not appear to have a Registered Agent for service of process in Texas.

20.     On information and belief, Sentey Inc. ("Sentey") is a Florida company with its principal place of business at 11005 NW 33rd St., Doral, FL 33172.  Sentey does not appear to have a Registered Agent for service of process in Texas.

21.     On information and belief, Sharkk ("Sharkk") is a New Jersey company with its principal place of business at 2001 Rt. 46, Suite 310, Parsippany, NJ 07054.  Sharkk does not appear to have a Registered Agent for service of process in Texas.

22.     On information and belief, SIIG, Inc. ("SIIG") is a California company with its principal place of business at 6078 Stewart Ave., Fremont, California 94538.  SIIG's Registered Agent for service of process in California is Frank Liu, 6078 Stewart Ave., Fremont, California 94538.

23.     On information and belief, Staples, Inc. ("Staples") is a Delaware company with its principal place of business at 500 Staples Drive, Framingham, MA 01702.  Staples' Registered Agent for service of process in Texas appears to be CT Corp. System, 350 N. St. Paul, Dallas, TX 75201.

24.     On information and belief, Startech.com USA LLP ("Startech") is an Ohio company with its principal place of business at 2500 Creekside Pkwy., Suite 100, Lockbourne, OH 43137.  Startech does not appear to have a Registered Agent for service of process in Texas.

25.     On information and belief, Targus Store, USA ("Targus") is a California company with its principal place of business at 1211 N. Miller St., Anaheim CA 92806.   Targus'

Registered Agent for service of process in California appears to be Michael Hoopis, 1211 N. Miller St., Anaheim CA 92806.

26.     On information and belief, Tripp Lite ("Tripp") is an Illinois company with its principal place of business at 1111 West 35th St., Chicago, IL 60609.  Tripp does not appear to have a Registered Agent for service of process in Texas.

27.     On information and belief, Wal-Mart Stores, Inc. ("Walmart") is a Delaware company with its principal place of business at 702 S.W. 8th St., Bentonville, Arkansas 72716. Walmart's Registered Agent for service of process in Texas appears to be C T Corp. System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

28.     On information and belief, Aluratek, Inc. ("Aluratek") is a California company with its principal place of business at 15241 Barranca Pkwy., Irvine CA 92618.  Aluratek's Registered Agent for service of process in California appears to be John P. Wolikow, 15241 Barranca Pkwy., Irvine CA 92618.

## JURISDICTION AND VENUE

29.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

30.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has individually transacted business in this district and/or committed acts of patent infringement in this district.

31.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,675,811

32.     Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 5,675,811 ("the '811 Patent") entitled "Method for Transmitting Information Over an

Intelligent Low Power Serial Bus" – including all rights to recover for past and future acts of infringement. The '911 Patent issued on October 7, 1997. A true and correct copy of the '811 Patent is attached as Exhibit A.

33. Upon information and belief, Defendant Anker has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Anker Unibody USB 3.0 4-port Hub; Anker Unibody USB 3.0 7-port Hub; Anker Unibody USB 3.0 3-port Hub; Anker USB 3.0 4-port Compact Hub; Anker USB 3.0 3-port Hub; Anker USB 3.0 7-port Hub; Anker USB 3.0 9-port Hub; Anker USB 3.0 4-port Hub; Anker USB 3.0 7-port Portable Hub; Anker USB 3.0 4-port SuperSpeed Hub; Anker USB 3.0 13-port Hub; Anker USB-C to 4-port USB 3.0 Hub; and Anker USB-C to 4-port USB 3.0 Hub (the "accused Anker devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent. Defendant Anker is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

34. Upon information and belief, Defendant Aten has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Aten UEH4002; Aten UE2120H; and Aten US424 (the "accused Aten devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent. Defendant Aten is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

35. Upon information and belief, Defendant Aten is the parent company of its subsidiary IOGEAR, a company that has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: IOGEAR GUH374; IOGEAR GUH287; IOGEAR GUH285; IOGEAR GUH286; IOGEAR GUH326; IOGEAR GUH420; and IOGEAR GUH274 (the "accused IOGEAR devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent. Defendant Aten is thus again liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

36. Upon information and belief, Defendant Belkin has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Belkin's F5U3xx series USB hubs; Belkin's F5L0xx series USB hubs; Belkin's F5U4xx series USB hubs; Belkin's F4U0xx series USB hubs; Belkin's F5U1xx

series USB hubs; Belkin's F5U2xx series USB hubs; and Belkin's F5U7xx series USB hubs (the "accused Belkin devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.   Defendant Belkin is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

37.     Upon information and belief, Defendant Eforcity has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Eforcity's PHUBUSBX7Pxx series and PHUBUSBX4Pxx series devices) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Also, upon information and belief, Defendant Eforcity – by its INSTENT brand – has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: the INSTEN 1042791; 1042790; 1042794; 1449072; 247439; and 1985637 USB hub devices) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  The accused Eforcity and INSTEN devices shall be collectively referred to as "accused Eforcity devices."   Defendant Eforcity is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

38.     Upon information and belief, Defendant Gear Head has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Gear Head's UH8000AL; UH7500ESP; UH7325AL; UH5500ESP; UH5200T; UH5325AL; UH4500ES; UH4200T; and UH2100 devices (the "accused Gear Head devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant Gear Head is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

39.     Upon information and belief, Defendant HDE has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: HDE's 4-Port SuperSpeed USB 3.0 Hub; Black 7 Port USB Hub; 7 Port High Speed USB Hub; Mini Black 4 Port USB 2.0 Hub; Silver 7 Port USB Hub; Sleek 4-Port Aluminum USB 3.0 Adapter Hub; Sleek 7-Port Aluminum USB 3.0 Adapter Hub; White 10 Port USB Hub; and White 4 Port USB 3.0 Hub (the "accused HDE devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant

HDE is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

40.     Upon information and belief, Defendant HooToo has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: HooToo's HT-UH007 4-Port USB 3.0 HUB; HT-UE01 3-Port USB 3.0 HUB; HT-UH002 4-Port USB 3.0 HUB; HT-UH005 4-Port USB 3.0 HUB; HT-UH013 4-Port USB 3.0 HUB; HT-UH15 USB 3.0 4-Port Aluminum HUB; HT-UE02 USB 3.0 3-Port HUB; HT-UH008 7-Port USB 3.0 HUB; HT-UH010 7-Port USB 3.0 HUB; HT-UH003 7-Port USB 2.0/3.0 HUB; HT-UH004 8-Port USB 3.0 HUB; HT-UH006 7-Port USB 3.0 HUB; HT-UH011 7-Port USB 3.0 HUB; HT-UH012 10-Port USB 3.0 HUB; and HT-UH009 10-Port USB 3.0 HUB (the "accused HooToo devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant HooToo is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

41.     Upon information and belief, Defendant ICI – by its Manhattan brand – has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: ICI's Manhattan 160612 Hub; 161039 Hub; 161572 Hub; 161053 Hub; 160605 Hub; 160599 Hub; 161169 Hub; 161718 Hub; 162296 Hub; and 162302 Hub (the "accused Manhattan devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant ICI is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

42.     Upon information and belief, Defendant Inland has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Inland's 4 Port Powered USB 2.0 HUB – Silver; 4 Port USB 2.0 HUB – Black; 4 Port USB 2.0 HUB – Red; 4 Port USB 3.0 HUB – Black; 7 Port USB 2.0 HUB – Black; Mini 4 Port USB 2.0 HUB – Black; Mini 4 Port USB 2.0 HUB – Blue; and Mini 4 Port USB 2.0 HUB - Green (the "accused Inland devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant Inland is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

43.     Upon information and belief, Defendant j5 has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: j5's JCH471; JUA370; JUH340; JUH345; JUH410; JUH450; and JUH470

devices (the "accused j5 devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant j5 is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

44.     Upon information and belief, Defendant Plugable has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Plugable's USB3-HUB10C2; USB3-HUB7BC; USB3-HUB7-81X; USB3-HUB7A; USB3-HUB3ME; USB2-HUB10C2; USB2-HUB10S; USB2-HUB7BC; USB2-HUB-AG7; USB2-HUB4BC; and USB2-2PORT devices (the "accused Plugable devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant Plugable is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

45.     Upon information and belief, Defendant Rosewill has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Rosewill's RHB-520; RHB-410; RHB-620; RHB-500; RHB-320; RHB-220; RHUB-300; RHUB-210; RHB-342; RHB-341; RHB-630; and RHB-411 devices (the "accused Rosewill devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant Rosewill is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

46.     Upon information and belief, Defendant Sabrent has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Sabrent's HB-UMLS; HB-UMLW; HB-UMAC; SBT-U2HA; USB-HPSS; USB-AHUB; USB-HB24; HB-CHHB; USB-CMMH; CB-HUB4; USB-H7PS; USB-PWHB; USB-HWPS; HB-U10P; HB-U14P; HB-MCRM; HB-UMN4; and HB-MC82 devices (the "accused Sabrent devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant Sabrent is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

47.     Upon information and belief, Defendant Sentey has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Sentey's Dual-Ports USB; Quad-Ports USB; 10 Ports USB; 3 Ports USB; 4 Ports USB Apple Style; and 7 Ports USB Apple Style devices (the "accused Sentey devices")) that, when used in their intended manner or as designed, infringe one or more claims

of the '811 Patent.  Defendant Sentey is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

48.    Upon information and belief, Defendant Sharkk has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Sharkk's Bus-Powered USB 3.0 4-Port Hub; USB Hub With Ethernet RJ45 Port; Aluminum 4 Port USB 3.0 Hub;  and USB Hub & Audio Adapter devices (the "accused Sharkk devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant Sharkk is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

49.    Upon information and belief, Defendant SIIG has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: SIIG's JU-H40812-S1; JU-H42B22-S2; JU-H30011-S1; JU-H00012-S1; JU-H20011-S1; JU-H40911-S1; JU-H70212-S2; JU-H70411-S2; JU-H70311-S1; JU-H40B11-S1; JU-H40512-S2; JU-H40E12-S1; JU-H40A11-S1; and JU-H90011-S1 devices (the "accused SIIG devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant SIIG is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

50.    Upon information and belief, Defendant Startech has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Startech's ST42xx series; ST72xx series; ST73xx series; HB30C3A1CFB; ST3300GU3B; ST43xx series; and 35BAYUSB3S4 devices (the "accused Startech devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant Startech is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

51.    Upon information and belief, Defendant Targus has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Targus' AWE84US; ACH122USZ; ACA039AU; ACH114US; ACH119US; ACH124US; ACH111US; and ACA039US devices (the "accused Targus devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant Targus is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

52.     Upon information and belief, Defendant Tripp has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Tripp's U222-xxxx series; U223-xxxx series; U224-xxxx series; U225-xxxx series; U227-xxxx series; U230-204-R; and U360-xxxx series devices (the "accused Tripp devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant Tripp is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

53.     Upon information and belief, Defendant Aluratek has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Aluratek's AUHR300; AUH1204F; AUH1207F; AUH1210F; AUH0304F; AUH1304F; and AUH2304F devices (the "accused Aluratek devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent. Defendant Aluratek is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

54.     Upon information and belief, Defendant Amazon has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: AmazonBasics' 4-port USB 2.0 Hub; AmazonBasics' 7-port USB 2.0  Hub;  AmazonBasics'  7-port  USB  2.0  Hub;  AmazonBasics'  7-port  USB  3.0  Hub; AmazonBasics' 4-port USB 3.0 Hub;  AmazonBasics' 10-port USB 2.0 Hub; AmazonBasics' 10-port USB 3.0 Hub;  EagleTec's HUB3639 USB 2.0 4 Port Hub; Aukey's 10 Ports USB 3.0 Portable Aluminum Hub; Aukey's 4-Port USB 3.0 Portable Aluminum Hub; Unitek's Ultra-Mini 4 Port USB 3.0 Hub Compact SuperSpeed; Aukey's 7-Port USB 3.0 Portable Hub; one or more of the accused Aten devices; one or more of the accused Anker devices; one or more of the accused Belkin devices; one or more of the accused Eforcity devices; one or more of the accused Gear Head devices; one or more of the accused HDE devices; one or more of the accused HooToo devices; one or more of the accused Inland devices; one or more of the accused IOGEAR devices; one or more of the accused j5 create devices; one or more of the accused Manhattan devices; one or more of the accused Plugable devices; one or more of the accused Rosewill devices; one or more of the accused Sabrent devices; one or more of the accused Sentey devices; one or more of the accused Sharkk devices; one or more of the accused SIIG devices; one or more of the accused Startech devices; one or more of the accused Targus devices; one or

more of the accused Tripp devices; and one or more of the accused Aluratek devices) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent. Defendant Amazon is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

55.    Upon information and belief, Defendant Best Buy has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Insignia 4-Port USB 2.0 Hub; Insignia 4-Port USB 3.0 Hub; Insignia 7-Port USB 2.0 Hub (collectively, the "accused Insignia devices"); one or more of the accused j5 create devices; one or more of the accused Eforcity devices; one or more of the accused Targus devices; one or more of the accused Sabrent devices; one or more of the accused Startech devices; one or more of the accused Gear Head devices; one or more of the accused Manhattan devices; one or more of the accused Belkin devices; one or more of the accused Inland devices; one or more of the accused IOGEAR devices; one or more of the accused Aluratek devices; one or more of the accused SIIG devices; and one or more of the accused Sharkk devices) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant Best Buy is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

56.    Upon information and belief, Defendant Fry's has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: SumacLife 7 Port 2.0 USB Hub; Cirago 2.0 USB Hub 7port; one or more of the accused Belkin devices; one or more of the accused Gear Head devices; one or more of the accused Inland devices; one or more of the accused IOGEAR devices; one or more of the accused Sabrent devices; one or more of the accused SIIG devices; and one or more of the accused Aluratek devices) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant Fry's is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

57.    Upon information and belief, Defendant ODI has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Cirago 4-port USB Hub; one or more of the accused Aten devices; one or more of the accused Belkin devices; one or more of the accused Gear Head devices; one or more of the accused IOGEAR devices; one or more of the accused Manhattan devices; one or

more of the accused Plugable devices; one or more of the accused Rosewill devices; one or more of the accused Sabrent devices; one or more of the accused SIIG devices; one or more of the accused Startech devices; one or more of the accused Targus devices; one or more of the accused Tripp devices; and one or more of the accused Aluratek devices) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant ODI is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

58.     Upon information and belief, Defendant Staples has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Staples 4 Port USB Travel Hub; Staples 4 Port USB Slim Hub; Staples 7 Port Square USB Hub; Staples 7 Port Slim USB 2.0 Hub; Staples 4 Port Square USB 2.0 Hub; Staples 7 Port Square USB 2.0 Hub; one or more of the accused Anker devices; one or more of the accused Belkin devices; one or more of the accused Eforcity devices; one or more of the accused Gear Head devices; one or more of the accused IOGEAR devices; one or more of the accused Manhattan devices; one or more of the accused Sabrent devices; one or more of the accused SIIG devices; one or more of the accused Startech devices; and one or more of the accused Tripp devices) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant Staples is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

59.     Upon information and belief, Defendant Walmart has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: one or more of the accused Anker devices; one or more of the accused Belkin devices; one or more of the accused Eforcity devices; one or more of the accused Gear Head devices; one or more of the accused Inland devices; one or more of the accused IOGEAR devices; one or more of the accused Manhattan devices; one or more of the accused Rosewill devices; one or more of the accused Sabrent devices; one or more of the accused Sharkk devices; one or more of the accused SIIG devices; one or more of the accused Startech devices; one or more of the accused Targus devices; one or more of the accused Tripp devices; and one or more of the accused Aluratek devices) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant Walmart is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.      A judgment in favor of Plaintiff that Defendants have directly infringed the '811 Patent;

b.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '811  Patent;

c.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '811 Patent as provided under 35 U.S.C. § 284;

d.      An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendants' prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

f.      Any and all other relief to which Plaintiff may show itself to be entitled.


Dated:  September 17, 2015                     Respectfully Submitted,

                                            **MINERO DIGITAL, LLC**


                              By:  /s/ Ronald W. Burns
                                   Ronald W. Burns
                                   Texas State Bar No. 24031903
                                   Ronald W. Burns, Esq.
                                   15139 Woodbluff Drive
                                   Frisco, Texas 75035
                                   Phone:  972-632-9009
                                   rburns@burnsiplaw.com

                                   **ATTORNEY FOR PLAINTIFF**
                                   **MINERO DIGITAL, LLC**

[14]